IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROY W. EARLY,

    Plaintiff,

v.

THE UNITED STATES LIFE INSURANCE
COMPANY IN THE CITY OF NEW YORK,

    Defendant.

05cv1010

**ELECTRONICALLY FILED**

### Memorandum Order

This is a breach of contract action brought pursuant to the Employee Retirement and Income Security Act, 29 U.S.C. § § 1001, et seq. ("ERISA"). Plaintiff, who is an airline pilot employed by the United Parcel Service, alleges that he is the sole beneficiary of a life insurance policy issued by his pilot's union for his now deceased ex-wife, who was his lawful spouse at the time of application but divorced at the time of her death, and that defendant denied his claim for death benefits in the amount of $100,000.00 in bad faith and in violation of the "Pennsylvania Fair Practice Act for the Insurance Industry." Currently pending before this Court is defendant's motion to dismiss under Fed. R. Civ. P. 12(b)(6).

When the Court considers a Rule 12(b)(6) motion to dismiss, the issue is not whether plaintiff will prevail in the end, or whether recovery appears to be unlikely or even remote. The issue is limited to whether, when viewed in the light most favorable to plaintiff, and with all well-pleaded factual allegations taken as true, the complaint states any valid claim for relief. In this regard, the Court will not dismiss a claim merely because plaintiff's factual allegations do not support the particular legal theory he or she advances. Rather, the Court is under a duty to independently examine the complaint to determine if the factual allegations set forth could

provide relief under any viable legal theory.  *See* 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1357, at 337 & n.40 (2d ed. 1990).  *See also Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

Ordinarily, where, as here, the parties have referred to matters outside the pleadings, Rule 12(b) requires that the motion to dismiss be treated as one for summary judgment.  However, once a Court converts a Rule 12(b)(6) motion into a motion for summary judgment under Rule 56, a party must be put on notice so that it can exercise its right to oppose summary judgment.  *Crown Cent. Petroleum Corp. v. Waldman*, 634 F.2d 127, 129 (3d Cir. 1980).  Because defendant did not style his motion as a motion for summary judgment, there is an issue regarding whether the parties had notice of and an opportunity to submit materials admissible in a summary judgment context.  Furthermore, where, as here, the complaint specifically references or quotes documents that are subsequently attached in defendant's motion to dismiss, and there is no dispute as to their authenticity, a court may consider them without converting the motion to one for summary judgment.  *Pension Benefit Guarantee Corp v. White Consol. Indus.,* 998 F.2d 1192, 1196 (3d Cir. 1993).  Accordingly,  this Court will decline to convert defendant's motion to dismiss into a motion for summary judgment. *See Otis Elevator Co. v. George Washington Hotel Corp.,* 27 F.3d 903, 910 (3d Cir. 1994).

In order to establish a cause of action for breach of contract, a plaintiff must prove: (1) the formation of a contract, (2) the terms of that contract, (3) performance by plaintiff, (4) breach by defendant, and (5) damages.  *Momah v. Albert Einstein Medical Center*, 978 F.Supp. 621, 636 (E.D. Pa. 1997).

The group life insurance policy at issue, which is attached as an exhibit to plaintiff's

complaint states:

>   DATE INSURANCE ENDS
>
>   A person's insurance will end at the earliest of:
>
>   1. the date the group policy ends;
>
>   2. the date insurance ends for the person's class;
>
>   3. **for a spouse, the date her marriage ends by divorce or annulment;**
>
>   4. the end of the period for which the last premium has been paid by the person; or
>
>   5. the date the employee's employer ceases to be a Participating Employer.

*Complaint,* Exhibit B. (Emphasis added).

The definition of spouse in the life insurance policy specifically defines that "Spouse means the lawful spouse of an employee." Furthermore, the policy sets forth eligibility as follows:

>   Eligibility
>
>   The following persons who submit evidence of insurability satisfactory to United States Life
>   1. All those who are full time employees of a Participating Employer. Temporary, part-time and seasonal employees are not eligible.
>   2. All those under age 70 who are lawful spouses of persons described in 1 above.
>
>   For lawful spouses, certain terms in this policy are affected as follows:
>   - references to "active work" and "full-time" will not apply, and
>   - **"end of employment" will mean end of one's status as a lawful spouse**.

*Id.* (Emphasis added).

Where a policy provision is ambiguous, the provision is to be construed in favor of the insured and against the insurer. "Where, however, the language of the contract is clear and unambiguous, a court is required to give effect to that language." *Minn. Fire & Cas. Co. v. Greenfield*, 855 A.2d 854, 861 (Pa. 2004) (quoting *Gene & Harvey Builders, Inc. v. Pennsylvania Manufacturers*, 517 A.2d 910 (Pa. 1986)).

Defendant contends, and plaintiff does not dispute, that plaintiff and decedent were divorced before her death. Accordingly, because plaintiff and decedent were no longer "lawful spouses," the policy was no longer in effect. Although plaintiff argues that because he continued to make payments, the policy was still in effect even after his divorce, the policy at issue clearly and unambiguously states that the policy will cease on the date the marriage ends by divorce or annulment. A policyholder can not "modify" the clear language of the policy by "payment" of premiums. Therefore, because, in the present case, the language of the contract is clear and unambiguous, this Court must give effect to that language. Plaintiff's claim for breach of contract fails as a matter of law.

Furthermore, with regard to plaintiff's claims for bad faith, plaintiff has failed to allege any factual allegations to support that theory, nor does he specify if his claim is based upon a perceived violation of 42 Pa. Cons. Stat. Ann. § 8371.

While Section 8371 does not define the term "bad faith," it has acquired the following accepted meaning in insurance contexts:

> "Bad Faith" on the part of insurer is any frivolous or unfounded refusal to pay proceeds of a policy; it is not necessary that such refusal be fraudulent. For purposes of an action against an insurer for failure to pay a claim, such conduct imports a dishonest purpose and means a breach of a known duty (i.e. good faith and fair dealing), through some motive of self-interest or ill

will; mere negligence or bad judgment is not bad faith.

*Polselli v. Nationwide Mutual Fire Ins. Co.*, 23 F.3d 747, 751 (3d Cir. 1994) (citing to Black's Law Dictionary 139 (6th ed. 1990)).

Because this Court has already found that plaintiff's breach of contract claim fails as a matter of law, it necessarily follows that defendant's refusal to plaintiff's claim could not be viewed as "frivolous" or "unfounded," under Section 8371.

Finally, with regard to the complaint's scant reference to an alleged violation of the Unfair Insurance Practices Act (UIPA), Pennsylvania courts have consistently held that they do not have jurisdiction over a claim brought under the UIPA. *Romano v. Nationwide Mutual Fire Ins. Co.*, 435 Pa. Super. 545 (Pa. Super. 1994). Furthermore, Section 8371 dictates that the UIPA does not provide a private cause of action and the Act can only be enforced by the State Insurance Commissioner.

Even when viewed in the light most favorable to plaintiff, and with all well-pleaded factual allegations taken as true, the complaint fails to state any valid claim for relief. Accordingly, defendant's motion to dismiss (doc. no. 4) is hereby GRANTED. Plaintiff's complaint is therefore DISMISSED WITH PREJUDICE.

SO ORDERED this 23rd day of September, 2005.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:     All counsel of record as listed below

Brian J. Bleasdale, Esquire
Vincler & Knoll
114 Smithfield Street
Pittsburgh, PA 15219

Salvatore A. Clemente , Esquire
Wilson, Elser, Moskowitz, Edelman & Dicker
6th & Walnut Streets
Suite 1130 East, The Curtis Center
Philadelphia, PA 19106